Bryce K. Kunimoto
Nevada Bar No. 7781
Caitlan J. McMasters
Nevada Bar No. 16585
**HOLLAND & HART LLP**
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Phone: 702.669.4600
Fax: 702.669.4650
bkunimoto@hollandhart.com
cjmcmasters@hollandhart.com

Brian Procel (*pro hac vice* forthcoming)
Marty Pritikin (*pro hac vice* forthcoming)
Jeremiah Levine (*pro hac vice* forthcoming)
**PROCEL LAW PC**
401 Wilshire Blvd, Fl 12
Santa Monica, CA 90401-1456
Phone: 424-788-4538
Brian@Procel-Law.com
Marty@Procel-Law.com
Jeremiah@ProcelLevine.com

*Attorneys for V Shred, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| V SHRED, LLC, a Nevada limited liability company,<br><br>       Plaintiffs,<br><br>v.<br><br>MATTHEW SCOTT KRAMER, an individual; DOES I-X; and ROE CORPORATIONS XI-XX,<br><br>       Defendant. | Case No.<br><br>**COMPLAINT FOR FALSE ADVERTISING PURSUANT TO LANHAM ACT 15 U.S.C. § 1125**<br><br>**JURY DEMAND** |

Plaintiff V Shred, LLC ("V Shred"), by and through its undersigned counsel, hereby alleges as follows:

## INTRODUCTION

1.     V Shred is one of the world's leading health and wellness companies. It specializes in offering online exercise training programs, exercise apparel, and nutritional supplements.

*HOLLAND & HART LLP*
*9555 HILLWOOD DRIVE, 2ND FLOOR*
*LAS VEGAS, NV 89134*

2.    Matthew Scott Kramer ("Defendant") is a social media influencer. Defendant uses his social media following to promote his online exercise training programs, exercise apparel, and nutritional supplements.

3.    Defendant's products and services are in direct competition with those of V Shred.

4.    To promote his brand, Defendant created controversy by publicly picking a fight with V Shred.

5.    Defendant's one-sided fight with V Shred is a core part of Defendant's identity, branding, and marketing.

6.    His personal catchphrase, "Fuck V Shred," appears on his social media profiles. "Fuck V Shred" is a discount code that consumers can use on products that Defendant promotes. Defendant operates an Instagram chat group called "Fuck V Shred." And Defendant traveled from his home in Oklahoma to V Shred's headquarters in Las Vegas to record and publicize videos saying "Fuck V Shred" and challenging V Shred's co-founder to a fight.

7.    Defendant has made a career out of spreading false and malicious lies about V Shred. Defendant has falsely accused V Shred of criminal misconduct. He has falsely accused V Shred of paying its coaches low wages. And he has falsely claimed that V Shred lacks expertise and experience in the health space. Collectively, Defendant's lies have aired more than 1,100,000 times.

8.    V Shred has reached out to Defendant in an attempt to resolve this dispute informally. Defendant has refused to stand down and he continues his campaign of harassment and deception.

9.    V Shred now seeks to put a stop to Defendant's unlawful conduct.

## PARTIES

10.    Plaintiff V Shred, LLC is a Nevada limited liability company with its principal place of business at 4530 S. Decatur Blvd, Las Vegas, NV 89103.

11.    Defendant is an individual and citizen of Oklahoma.

/ / /

/ / /

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

2

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

**JURISDICTION AND VENUE**

12.    This Court has subject matter jurisdiction over this action pursuant to the Lanham Act, 15 U.S.C. § 1125 et seq.

13.    This Court has personal jurisdiction over Defendant because his false advertising, as alleged herein, has resulted in harm to V Shred. Defendant knows V Shred is located in Las Vegas, Nevada. Defendant has used the Internet to project his false advertisements into Nevada. And Defendant has traveled to V Shred's office in Las Vegas to bring attention to his false advertisements and products.

14.    Venue is proper in the United States District Court for the District of Nevada under 28 U.S.C. § 139. A substantial part of the events giving rise to this claim occurred here. Defendant directed his false advertising to consumers in Las Vegas, Nevada; Defendant's false advertising harmed V Shred, the principal place of business of which is in Las Vegas, Nevada. And Defendant traveled to V Shred's office in Las Vegas, Nevada for the purpose of spreading lies and harassing V Shred in person.

**GENERAL ALLEGATIONS**

**A.    Plaintiff**

15.    V Shred is a health and wellness company. Its mission is to make health and wellness more accessible. To achieve this mission, V Shred offers exercise programs, exercise apparel, nutritional supplements, and nutrition guidance to its customers.  To serve customers who cannot access gym memberships, V Shred offers exercise programs that can be performed at home. It offers diet programs that are tailored to an individual's body type and goals. V Shred offers health coaching accessible over the Internet. And V Shred offers a broad array of supplements to help clients achieve their fitness goals.

16.    V Shred was founded in 2016. Since then, it has served over five million customers. V Shred is an internationally recognized brand that reaches customers across the United States and in dozens of other countries. V Shred is one of the top-ranked fitness applications in both the Apple and Google Play application stores.

17.     V Shred primarily markets itself through social media posts and paid advertisements. It has a large social media following, including approximately 2,400,000 YouTube followers; 1,400,000 Instagram followers; and approximately 285,000 TikTok followers.

18.     V Shred carefully curates the appearance of its online brand. Much of V Shred's brand marketing centers on Vince Sant, who regularly appears in V Shred's online content. Sant typically displays his muscular physique while demonstrating knowledge about exercise, weight loss, and nutrition. Sant's credibility as a health and wellness expert is essential to V Shred's brand.

19.     Sant is also a co-founder and co-owner of V Shred. Sant is a health and wellness expert. He held a certificate in training from the International Sports Sciences Association.

**B.     Defendant**

20.     Defendant is a competitor of V Shred's. Like V Shred, Defendant offers fitness training, wellness, and nutritional advice. Like V Shred, Defendant also promotes exercise apparel and nutritional supplements.

21.     Defendant is a social media influencer. Like V Shred, he relies on social media to convey a carefully curated personal brand. As with V Shred's use of Vince Sant, Defendant's brand centers on displaying Defendant's muscular physique while demonstrating knowledge about exercise, weight loss, and nutrition.

22.     Defendant uses his brand to sell and promote his products and those of his sponsors. Defendant's social media appearances are all intended to develop and convey his personal brand. Defendant's social media appearances therefore promote his products and those of his sponsors regardless of whether Defendant explicitly references products in each appearance.

23.     Defendant's social media following is substantial: he has approximately 3,800,000 followers on TikTok; 61,600 followers on YouTube; and 1,300,000 followers on Instagram. Because of Defendant's online popularity, other social media personalities interview Defendant to create content for their own social media posts.

24.     Defendant maintains a website called https://www.scottykfitness.com. From the website, Defendant offers users the opportunity sign up to purchase his coaching services. Defendant makes his services available to users everywhere in the world. Defendant's online client

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

4

list has a drop-down menu that is set up to take information from users located in virtually every country in the world.

25.    On information and belief, Defendant has customers nationwide, including in Nevada.

26.    Defendant also maintains a LinkTree page. Linktree is a page on the Internet that contains links to a user's social media accounts, and to other webpages with which the user associates. Defendant's         LinkTree          connects         users          to https://www.dadbrandapparel.com/products/scotty-k-signature-hat, where a user can buy Defendant's signature hat; to https://www.gymshark.com/?dt_id=2016464, where a user can input code "Scotty10" and buy exercise clothing from a maker that Defendant markets through his social media presence; to https://rysesupps.com, where a user can enter code "Scotty" and purchase supplements from a provider that Defendant markets through his social media presence; and to https://dragupcoffee.com/?aff=387, where a user can enter code "FuckVShred" to purchase products that Defendant markets through his social media presence. The foregoing websites— which sell Defendant's products—market products to users throughout the United States and internationally.

**C.    Defendant Disparages V Shred to Promote His Personal Brand and His Products**

27.    To develop and maintain the popularity of his brand, Defendant repeats catchphrases and themes. One of Defendant's catch phrases is "Fuck V Shred." Defendant nearly always uses that catchphrase to disseminate false information about V Shred and otherwise disparage it. The catchphrase and theme serve the dual purpose of creating catchy, familiar content to engage Defendant's followers, and of bringing attention to Defendant by creating controversy between Defendant and a popular competitor, V Shred.

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

28.     For example, Defendant recently posted a video in which he promotes a protein powder produced by Ryse that bears Defendant's name and endorsement. In the video, Defendant intersperses his sales pitch with images of Sant and the phrase "Fuck V Shred." This demonstrates the degree to which Plaintiff's promotion of his products relies on creating controversy with V Shred. Further demonstrating this point, a user commented "I heard 'fuck V Shred' from across the room and said to my bf oh hey you're watching Scotty.'"



29.     Defendant's Instagram profile is publicly accessible. The Instagram profile is where an Instagram user summarizes the most important parts of their Instagram identity. Defendant's Instagram profile promotes his training offerings, his apparel and supplement sponsors, and repeats his catchphrase "Fuck V Shred," as shown below. "Fuck V Shred" is literally the cornerstone of Defendant's online presence.



HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

30.    Defendant's Linktree also repeats his catchphrase, "Fuck V Shred," as shown below.



31.    Defendant also operates an Instagram chat group called "Fuck V Shred." It has approximately 24,500 members. Defendant uses the chat group to promote his products and those of his sponsors. For example, Defendant posts advertisements for his personal fitness training products in the chat group, as shown below.



32.     In early 2025, Defendant traveled to V Shred's office in Las Vegas, Nevada. To promote his brand by escalating his conflict with V Shred, Defendant recorded a video in which he stood at V Shred's door and repeated "Fuck V Shred." Defendant posted the video on his YouTube and Facebook pages. Defendant also posted that Sant was not present at V Shred's office. This was intended to suggest that Defendant sought a face-to-face conflict with Sant.



8

33.    Also while in Las Vegas, Nevada, Defendant recorded himself boxing and posted the video to his TikTok account. Defendant captioned the post "Just in case Vince shows up at the Olympia today." This was intended to convey that Defendant was preparing for a physical fight with Vince Sant, the face of V Shred's brand. Defendant intended to emasculate Sant and thereby degrade V Shred's brand. By traveling all the way from Oklahoma to Las Vegas to confront Sant, Defendant also intended to make a spectacle at V Shred's office to raise Defendant's own profile.



### D.    The "Thinking with a Pump" False Advertising

34.    Defendant's disparagement of V Shred often takes the form of false statements of fact. On October 3, 2024, Defendant appeared on the "Thinking with a Pump" podcast. Defendant alleged that V Shred provides its trainers with meal plans for clients. Defendant said, "if you're not a dietician or a registered nutritionist, you should not be prescribing meal plans." Defendant went on to say that providing meal plans without a nutritionist or dietician is "not legal, but they [meaning V Shred] do it anyway." Defendants squarely accused V Shred of engaging in illegal conduct.

35.    Defendant's statement was patently false. V Shred contracts with dieticians and nutritionists and complies with all legal requirements for providing meal plans.

36.    V Shred's credibility on matters of health and wellness is critical to its brand. By suggesting that V Shred does not contract with dieticians and nutritionists and is not legally entitled to create meal plans, Defendant impugned V Shred's credibility concerning nutrition.

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

9

37.    Defendant made a materially false statement to promote his own competing business. This statement harms V Shred's goodwill and misleads its customers.

38.    As of June 23, 2025, the video had been viewed approximately 34,013 times.

**E.    The "Mini Golf With V Shred in Las Vegas" False Statement**

39.    On October 10, 2024, Defendant uploaded to his TikTok account a post called "Mini Golf With V Shred in Las Vegas." The video depicted Defendant playing miniature golf in Las Vegas. Defendant's statement that he was with V Shred was false. V Shred was not present or in any way associated with the video.

40.    By suggesting that V Shred associates with Defendant, Defendant implied that V Shred endorses Defendant. That impugns V Shred's credibility because it suggests that V Shred tolerates and supports Defendant's false statements about V Shred. Defendant's statement was materially false. It was intended to capture attention for Defendant's brand and thereby promote his products.

41.    As of June 23, 2025, the video had been liked approximately 70,900 times.

**F.    The "Here's Why" False Advertising**

42.    On January 18, 2025, Defendant posted a video to his own YouTube Account. Defendant said of V Shred "they only pay their coaches $9 per client." That is false. V Shred pays coaches different amounts for different types of plans. For example, one of its most popular products pays coaches $21 per plan.

43.    Approximately 10 seconds later in the video, Defendant said "Instead of just complaining about it, I'm doing something about it. I opened my own company . . . So I pay my coaches over double the market standard." Defendant then highlighted additional virtues of his fitness coaching product and concluded, "so go to ScottyKFitness.com and sign up for coaching."

44.    By suggesting that V Shred underpays its workers and then proposing his own coaching company as an alternative, Defendant made a materially false statement to promote his own competing business. This statement harms V Shred's goodwill and misleads its customers.

45.    As of June 23, 2025, this YouTube video had been viewed approximately 30,188 times. A portion of the video containing Defendant's statement that V Shred only pays its coaches

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

10

$9 per client was reposted to TikTok and viewed approximately 947,100 times, according to TikTok.

**G.    The "TSL Time" False Advertising**

46.    On February 27, 2025, Defendant appeared on the "TSL Time" podcast. TSL Time is a podcast focused on health and fitness. During the podcast, Defendant said that "the company of V Shred isn't owned by a health and wellness company. It's owned by a marketing agency. Just a bunch of marketing dudes."

47.    That is a false statement of fact. V Shred is not owned by a marketing agency or a bunch of marketing dudes. V Shred is owned in part by Vince Sant, a health and wellness expert. Sant held a certificate in training from the International Sports Sciences Association. He does not have a marketing background.

48.    In the TSL Time interview, Defendant added context that emphasized the falsely disparaging nature of his allegations about V Shred, saying that V Shred is a "cancer," and sells "crash diets;" and that Sant is an "actor" who "doesn't know what the fuck he's talk about." Defendant also stated that he plans to "knock the legs out from under [V Shred] because they are a garbage company."

49.    V Shred's credibility on matters of health and wellness is critical to its brand. By impugning V Shred's credibility, Defendant made a materially false statement. This statement harms V Shred's goodwill and misleads its customers.

50.    Approximately 20 seconds after alleging that V Shred is "not owned by a health and wellness company," Defendant began explicitly promoting his own products that compete with V Shred's, saying "I just started my own coaching company." Defendant's statement that V Shred is not owned by a health and wellness company was made to promote Defendant's competing products.

51.    In the TSL Time podcast, Defendant also said that V Shred has "1,200 or 1,300 complaints filed with the Better Business Bureau this past year alone."

52.    That is false. As of June 23, 2025, V Shred has been the subject of only 1,074 complaints in the past three years combined. The Better Business Bureau does not publicize the

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

number of complaints for V Shred by year. During the past three years, V Shred has served more than one million customers, meaning that its complaint ratio is below one in one thousand. V Shred is Better Business Bureau accredited and rated A+.

53.     By again impugning V Shred's credibility, Defendant made a materially false statement to promote his own competing business. This statement harms V Shred's goodwill and misleads its customers.

54.     The February 27, 2025, episode of the TSL Time Podcast was posted on YouTube. According to YouTube, as of June 23, 2025, it had been viewed approximately 40,000 times.

## FIRST CAUSE OF ACTION

### (False Advertising)

55.     V Shred realleges and incorporates by references paragraphs 1-54 above, as if fully set forth herein.

56.     Defendant's false and misleading statements violate the Lanham Act § 43(a), 15 U.S.C. § 1125(a).

57.     Defendant has made and distributed, in interstate commerce and in this District, promotional statements that contain false and misleading descriptions of fact about V Shred and its products.

58.     These statements actually deceive or have a tendency to deceive a substantial segment of their intended audience, which is V Shred's customers and potential customers.

59.     The deception is material in that it is likely to influence the purchasing decisions of V Shred's customers and potential customers.

60.     V Shred has been or is likely to be injured as a result of the false statements, both by direct diversion of sales from V Shred to Defendant and by a lessening of the goodwill associated with V Shred's products.

61.     Defendant has caused, and will continue to cause, immediate and irreparable injury to V Shred, including injury to its business, reputation, and goodwill, for which there is no adequate remedy at law. As such, V Shred is entitled to an injunction under 15 U.S.C. § 1116 restraining Defendant's agents, employees, representatives and all persons acting in concert with Defendant

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

from engaging in further acts of false advertising, and ordering removal of all Defendant's false advertisements.

62.    Under 15 U.S.C. § 1117, V Shred is entitled to recover from Defendant the damages V Shred sustained as a result of Defendant's false advertising. V Shred is at present unable to ascertain the full extent of the monetary damages it has suffered by reason of Defendant's acts.

63.    Under 15 U.S.C. § 1117, V Shred is also entitled to recover from Defendant the gains, profits, and advantages that Defendant has obtained as a result of Defendant's acts. Defendant is at present unable to ascertain the full amount of the gains, profits, and advantages Defendant has obtained by reason of its acts.

64.    Under 15 U.S.C. § 1117, V Shred is further entitled to recover its costs and attorneys' fees accrued in this action.

65.    Moreover, Defendant's conduct was undertaken willfully and with the intention of causing confusion, mistake or deception, making this an exceptional case entitling V Shred to recover punitive damages and reasonable attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in its favor and grant the following relief:

1.    Preliminary and permanent injunctive relief restraining and enjoining Defendant and its agents, employees, representatives and all persons acting in concert with Defendant from engaging in false or misleading advertising with respect to V Shred;

2.    A judgment, order, or injunction requiring Defendant to engage in corrective advertising in a form approved by the Court to dispel the serious competitive impact and effect of the false and misleading representations described herein;

3.    An award of V Shred's damages attributable to Defendant's false advertising, in an amount to be determined at trial.

4.    Disgorgement of Defendant's profits from the sale of the falsely advertised products, pursuant to 15 U.S.C. § 1117;

5.    An accounting of Defendant's profits under 15 U.S.C. § 1117; and

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

6.    A finding that this case is exceptional and an award to V Shred of its reasonable attorney fees under 15 U.S.C. § 1117(a).

### DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, V Shred hereby demands a jury trial of all issues so triable.

DATED this 23rd day of July 2025.

HOLLAND & HART LLP

*/s/ Bryce K. Kunimoto*
Bryce K. Kunimoto
Caitlan J. McMasters
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134

Brian Procel (*pro hac vice* forthcoming)
Marty Pritikin (*pro hac vice* forthcoming)
Jeremiah Levine (*pro hac vice* forthcoming)
**PROCEL LEVINE, LLP**
401 Wilshire Blvd, Fl 12
Santa Monica, CA 90401-1456
Phone: 424-788-4538

*Attorneys for V Shred LLC*

35422211_v4

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NV 89134

14